{¶ 28} I disagree. It is commonly known that there are only two methods of childbirth. When a C-section is medically indicated, it is considered to be an alternative to vaginal delivery. Of course, some patients may desire a C-section and request it, but those are not the facts in this case. As an alternative to vaginal delivery, there can be known facts which dictate that a C-section is medically necessary, and the failure to recommend it and perform it is medical negligence. However, those are not the facts established by this record.
 {¶ 29} As noted by the majority, appellants' own expert, Dr. Gatewood, testified that he would have proceeded with a vaginal delivery just as Dr. Liesner did. He also clearly acknowledged that it was not a departure from the standard of care to deliver the baby vaginally. Further, Dr. Gatewood did not opine that the facts available to Dr. Liesner warranted a "recommendation" of a C-section. Nor does he opine that the *Page 10 
failure to "recommend" a C-section was a departure from the standard of care.
 {¶ 30} As noted by the trial judge, appellants were not asserting a lack of informed consent claim. Yet the majority seems to be concluding that the duty of informed consent required Dr. Liesner to inform her obstetrical patient about a C-section as an alternative to vaginal delivery even when she did not believe that it was medically necessary. Although courts in some other jurisdictions may have so held, this is not the law in Ohio. See Harrison v. United States (1st
Cir. 2002), 284 F.3d 293, 301-302. I would also note that the facts in this record do not demonstrate a material risk to vaginal birth, giving rise to a duty to disclose that risk and a duty to present information regarding a potential C-section.
 {¶ 32} The majority opinion will lead to malpractice claims based on a failure to explain any and all conceivable options for medical care, whether medically necessary, reasonably prudent, or based upon acceptable standards within the medical community.
 {¶ 32} I would affirm. *Page 1